1

2                   **UNITED STATES DISTRICT COURT**

3            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

4

5

6  UNITED STATES OF AMERICA,          |   CASE NO. 1:11-CR-00354 LJO

7               Plaintiff, |

8      v.                   | MEMORANDUM DECISION AND ORDER
                         | GRANTING DEFENDANT'S MOTION TO

9  ROBERT SALAZAR,           | REDUCE SENTENCE PURSUANT TO
                         | 18 U.S.C. § 3582(c)(2)

10

11               Defendant. | ECF No. 684

12

13       Before the Court is a motion by Defendant Robert Salazar ("Defendant") to reduce his

14  sentence pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582"), in accordance with United States

15  Sentencing Guidelines ("USSG") § 1B1.10(b)(1) and Amendment 782[1] to the USSG. ECF No. 684.

16  The Government joins in Defendant's motion, but requests a term of no less than 157 months,

17  which is six months higher than the low-end of Defendant's amended Guidelines range. *See* ECF

18  No. 704. Upon a thorough review of the parties' briefing, the record in the case, including the

19  Probation Office's Presentence Report ("PSR"), and the relevant law, the Court GRANTS

20  Defendant's § 3582 motion and reduces his sentence to 151 months.

21  **I.     BACKGROUND**

22       On August 8, 2013, the parties filed a plea agreement with the Court in which Defendant pled

23  guilty to one count of conspiracy to distribute and possess with intent to distribute

24  methamphetamine. ECF No. 298. The agreement was pursuant to Federal Rule of Criminal

25  Procedure ("Rule") 11(c)(1) and provided that both parties would agree to a sentence of 192 months.

26  *Id.*

27

28
---
[1] Amendment 782 revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* USSG, sup. App'x C, amend. 782 (2014) ("Amendment 782").

According to the PSR, Defendant's base offense level was 34 (based on the amount of methamphetamine involved the case), and his criminal history category of VI (based on 7 criminal history points). PSR (ECF No. 367) ¶¶ 16, 40. Pursuant to § 3B.1.1(c), a 2-level increase applied because of Defendant's leadership role in the offense, and pursuant to §§ 3E1.1(a) and (b), Defendant qualified for a 3-level reduction for accepting of responsibility, to an adjusted offense level of 33. *Id.* ¶¶ 18, 25-26. The PSR, which cited the 2012 Guidelines manual, found that the Guidelines range for a defendant with an offense level of 33 and a criminal history category VI was 188 to 235 months imprisonment, and the PSR recommended a 192-month sentence. *Id* at 29. On October 15, 2013, the Court accepted the parties' plea agreement pursuant to Rule 11(c)(1) and sentenced the defendant to a term of 192 months in prison, a 60-month term of supervised release, and a $100 penalty assessment" ECF No. 692 at 4-5.

On August 26, 2016, Defendant filed a *pro se* motion for a reduction in sentence pursuant to § 3582, requesting that the Court reduce his sentence by two points in accordance with Amendment 782. ECF No. 684. The FDO filed subsequently filed both a supplemental brief in support of Defendant's *pro se* § 3582 motion, ECF No. 685, and additional supplemental materials, including a letter from Defendant and documentation from the BOP pertaining to Defendant's activities while in custody, ECF No. 694. The Government filed its joinder to Defendant's motion on October 6, 2016. ECF No. 704.

## II.   LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. *See* Amendment 782. The Commission

1   also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See*

2   USSG, sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir.

3   2015).

4          Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-

5   step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a

6   prisoner is eligible for a sentence modification under the Commission's policy statement in USSG §

7   1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have

8   lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d). In the event that one of

9   the enumerated amendments has lowered a guideline range applicable to a defendant, the district

10  court "shall determine the amended guideline range that would have been applicable to the defendant

11  if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG §

12  1B1.10(b)(1).

13         If the answer to step one is that the defendant is eligible for a reduced sentence, the district

14  court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a)

15  factors and determine whether, in its discretion, the reduction authorized by reference to the policies

16  relevant at step one is warranted in whole or in part under the particular circumstances of the case."

17  *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors

18  include: "the nature and circumstances of the offense and the history and characteristics of the

19  defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges

20  established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the

21  need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need

22  to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

23  **III.   DISCUSSION**

24         The initial inquiry is whether Defendant is eligible for a sentence reduction. Here, Defendant

25  argues that under the Ninth Circuit's decision in *United States v. Davis*, 825 F.3d 1014 (2016), he is

26  eligible for relief under § 3582(c)(2) because his sentence was based on a Guidelines range that has

27  been reduced by Amendment 782. ECF No. 685 at 3-4. The Government does not dispute

28  Defendant's eligibility. ECF No. 704 at 2. Amendment 782 to the Sentencing Guidelines revised the

Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to Defendant's drug trafficking conviction. Under Amendment 788, Amendment 782 applies retroactively to Defendant's sentence. Although Defendant was sentenced pursuant to a Rule 11(c)(1) agreement, the Court explicitly considered the Sentencing Guidelines in sentencing him. ECF No. 692 at 3. Therefore, pursuant to the Ninth Circuit's decision in *Davis*, Defendant is eligible for a reduction under § 3582(c)(2). 825 F.3d at 1026. Defendant is now eligible to have his offense level re-calculated from 33 to 31. With an offense level of 33, and a criminal history category of IV, the updated Guidelines range applicable to Defendant is 151 to 188 months.

Turning now to the second step of the inquiry, the Court considers, in its discretion, whether a reduction under § 3582 is appropriate given the facts of this case. Defendant requests that the Court reduce his sentence to 151 months, the low-end of the new Guidelines range. ECF No. 685 at 4. In support of his motion, Defendant has provided the following supplemental materials for the Court's consideration: 1) a handwritten letter expressing his regret over his past gang affiliation and criminal history and describing his decision to drop out of the gang; 2) a letter from FCI Otisville, where Defendant is currently held, confirming his enrollment in the BOP's PODS (Positive Outlook Determining Self) program for inmates seeking to separate themselves from their former gang affiliations; 3) a letter from FCI Otisville indicating that Defendant graduated from the Drug Education Program, that Defendant was "eager to learn" and has "displayed seriousness in treatment" while enrolled in the PODS program, and that he requested to participate in the Victim Impact Workshop Program, which assists inmates in their development of empathy and adjusting their mindsets towards criminal lifestyles "by de-glamorizing criminal behavior"; 4) Defendant's transcript, which indicates that he has completed 33 courses during his time in custody; 5) a certificate in recognition of Defendant's participation in FCI Otisville's drug education program; 6) a certificate in recognition of Defendant's completion in a twelve-week course in positive decision making; and 7) a certificate in recognition of Defendant's participation in a visual arts program. ECF No. 694.

The Government joined Defendant's motion, but requested that the Court impose a sentence of no less than 157 months. ECF No. 704. While acknowledging Defendant's decision to terminate

his gang involvement and the risks this decision entails, the Government recommends that the Court impose a sentence six months higher than the bottom of the amended Guidelines range to reflect the fact that the Court sentenced Defendant to a term six month higher than his original Guidelines range. *Id.*

Having reviewed and considered Defendant's crime, the original PSR, the § 3553(a) factors, public safety considerations, and Defendant's post-sentencing conduct, the Court find it appropriate to grant Defendant the full reduction for which he is eligible under Amendment 782 and *Davis*. The Court first notes the policy goal underlying Amendment 782, which favors a two-point reduction in the base offense level for crimes involving drug quantities applicable in this case. *See* Amendment 782 ("The purposes of the amendment are to reflect the Commission's determination that setting the base offense levels above mandatory minimum penalties is no longer necessary and that a reduction would be an appropriate step toward alleviating the overcapacity of the federal prisons"); s*ee also United States v. Luna*, No. 1:95-CR-05036-AWI, 2015 WL 4599383, at *4 (E.D. Cal. July 29, 2015) (noting that barring disqualifying facts, an eligible defendant's sentence is to be adjusted in accordance with the Guidelines amendment). The Court additionally notes that were Defendant sentenced for this crime in the first instance today, his sentence would likely reflect the amended Guidelines range.

Here, however, the most important factors are Defendant's affirmative decision to enroll in the BOP's PODS program and the other positive steps he has taken towards rehabilitation while he has been in custody. Defendant's participation in the PODS program is indicative of a firm commitment to renounce his gang affiliation, sincere regret for his prior crimes, and has required significant sacrifices on his part. Furthermore, Defendant's commitment to turning his life around and becoming a productive member of society is also reflected in the fact that he has completed 33 courses while in BOP custody, including classes in personal finance, parenting, commercial driving, and computer skills. These factors, considered in their totality, outweigh the one argument set forth by the Government that Defendant's amended sentence should mirror the parties' originally agreed-upon sentence that was six months higher than the bottom end of the applicable Guidelines range at the time of his original sentencing. There is no indication in the record that granting Defendant the

full 41-month reduction instead of the Government's proposed 35-month reduction poses any threat to public safety. The Court therefore rejects the Government's position because the facts of this case demonstrate that a full reduction of Defendant's sentence is warranted.

In a letter filed alongside his § 3582 motion, Defendant writes: "I have grown as a person and I'm asking to be given a chance to prove that what I'm saying is not just words but who I truly am." ECF No. 694 at 2-3. The Court finds that Defendant has earned this chance through his hard work, determination, and the significant progress he has already made. Accordingly, the Court GRANTS Defendant's § 3582 motion and reduces his sentence from 192 months to 151 months of imprisonment.

**CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Robert Salazar's motion (ECF No. 684) to reduce his sentence is **GRANTED**, pursuant to 18 U.S.C. § 3582(c)(2). Defendant is hereby re-sentenced to 151-month term of imprisonment, a 60-month term of supervised release, and a $100 penalty assessment.

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment remain in effect. The Clerk of Court is **DIRECTED** to prepare an amended judgment reflecting the above modification of Defendant's sentence, and **SHALL** serve copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

**IT IS FINALLY ORDERED** that the Clerk of the Court **SHALL** close this case.

IT IS SO ORDERED.

Dated:   __December 21, 2016__              _____/s/ Lawrence J. O'Neill_____
                                             UNITED STATES CHIEF DISTRICT JUDGE